IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01275-MSK-BNB

GOODWILL INDUSTRIAL SERVICES CORPORATION, a Colorado nonprofit corporation,

Plaintiff,

v.

COMMITTEE FOR PURCHASE FROM PEOPLE WHO ARE BLIND OR SEVERELY
DISABLED, an agency of the United States Government,
COLORADO DIVISION OF VOCATIONAL REHABILITATION, a Colorado governmental
agency,
KEVAN WORLEY, an individual,
BLACKSTONE CONSULTING, INC., a California corporation,
SERVICESOURCE, INC., a Virginia nonprofit corporation, and
THE UNITED STATES OF AMERICA,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Plaintiff's Motion for Preliminary Injunction** (the "Motion"), filed July 11, 2005. The Motion has been referred to me for final determination pursuant to 28 U.S.C. § 636(c), upon the consent of all parties.

An evidentiary hearing on the Motion is set for July 28, 2005, at 8:00 a.m. The Motion seeks a preliminary injunction against the Committee for Purchase From People Who Are Blind or Severely Disabled, an agency of the United States. Because I have concluded that the United States has not waived sovereign immunity, the hearing is VACATED. An order addressing the issue of sovereign immunity and subject matter jurisdiction will follow shortly.

Rule 12(h)(3), Fed. R. Civ. P., requires that I consider the issue of this court's subject matter jurisdiction "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction. . . ."  In this case, the issue is whether the United States has waived sovereign immunity.  A court lacks subject matter jurisdiction in a case against the United States where there is no waiver of sovereign immunity.  City of Albuquerque v. United States Dept. of Interior, 379 F.3d 901, 906-07 (10th Cir. 2004).

Jurisdiction exists, if at all, pursuant to 28 U.S.C. § 1331 (federal question) and 5 U.S.C. § 702 (the Administrative Procedure Act)(hereafter the "APA").  The APA provides a limited waiver of sovereign immunity, however, and does not "confer [] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."  5 U.S.C. § 702; City of Albuquerque, 379 F.3d at 907.  In this case, the Administrative Dispute Resolution Act (the "ADRA"), 28 U.S.C. § 1491(b), forbids the relief sought.  As the Court of Appeals for the Federal Circuit stated in Emery Worldwide Airlines, Inc. v. United States, 264 F.3d 1071 (Fed. Cir. 2001):

> [A]s a part of the ADRA, Congress enacted a sunset provision, which terminated federal district court jurisdiction over bid protests on January 1, 2001.  It is clear that Congress's intent in enacting the ADRA with the sunset provision was to vest a single judicial tribunal with exclusive jurisdiction to review government contract protest actions.

Id. at 1079 (internal citation omitted).

Jurisdiction to hear this dispute, which is brought by an "interested party," as that term is used in the ADRA, see American Federation of Government Employees, AFL-CIO v. United

States, 258 F.3d 1294,1302 (Fed. Cir. 2001), and City of Albuquerque, 379 F.3d at 910-11, exists exclusively in the Court of Federal Claims.

    IT IS ORDERED that the evidentiary hearing set for July 28, 2005, at 8:00 a.m. is VACATED.

    Dated July 27, 2005.

                                BY THE COURT:

                                /s/ Boyd N. Boland
                                United States Magistrate Judge